# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC GRIFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-12-926-D |
| | ) |
| PAUL A. KASTNER, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, is seeking a writ of habeas corpus pursuant to 28 U.S.C. §2241 on the grounds that he is being illegally detained [Doc. No. 1].[1] Petitioner signed his petition on August 19, 2012, while housed at the Federal Transfer Center in Oklahoma City, Oklahoma, pending his transfer sometime before August 30, 2012,[2] to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri;[3] the action was received and filed in this court on August 24, 2012.  Named as Respondents are the warden of the Federal Transfer Center, the Department of Justice, and John Does.

Petitioner avers that his detention and transfer is illegal because the Bureau of Prisons has not had Petitioner in custody for a year and a half and because he was not given a hearing

---

[1]On August 27, 2012, United States District Judge Timothy DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

[2]Petitioner signed a notice of address change to his Springfield, Missouri address on August 30, 2012 [Doc. No. 6].

[3]*See* http://www.bop.gov/iloc2/LocateInmate.jsp

with regard to the reinstatement of his status under 4241(D). Petition, p. 1. He further maintains that his rights to a speedy trial and effective assistance of counsel have been delayed for over a year and a half. *Id.* at 2. As relief, he requests that all charges be dropped and that he be released. *Id.* In conjunction with his Petition, Petitioner filed a motion "for stay of force medication order." [Doc. No. 2].[4]

Petitioner makes reference to his "4241(D) status"[5] and to the deprivation of his right to a speedy trial. Petition, pp. 1 and 2. A review of available judicial records discloses that an indictment was filed in December 2009 in the United States District Court for the District of Nevada, Case No. 09-CR-493, charging Petitioner with Attempted Bank Robbery pursuant to 18 U.S.C. § 2113(a). In November 2011, that court ultimately granted the United States' Motion to Involuntarily Administer Medication to Restore the Defendant to Competency, directing "that the Medical Detention Center in Springfield, Missouri, is authorized to administer the recommended medicine according to the procedures recommended forthwith." [Doc No. 235]. The United States Court of Appeals for the Ninth Circuit affirmed that decision on June 18, 2012, adding restrictions with respect to the type and dosage of permitted medication [Doc. No. 290]. On August 2, 2012, Petitioner was ordered to be

---

[4]In addition, by emergency motion filed on September 17, 2012, Petitioner – from Springfield, Missouri – has requested "bail or own recognizance" because he "has just been diagnose with diabetes and can not control his high level of sugar which lessen his risk of danger and flight." [Doc. No. 11, p. 1]. In addition, he requests "the court to stay any order of force medication until this court has done its investigation on this petition and all appeals has been resolved." *Id.* at 1-2.

[5]18 U.S.C. § 4241 codifies the procedure for the determination of mental competency.

transported to the Federal Medical Center in Springfield, Missouri, and that facility was ordered to implement the November 2011 order to involuntarily medicate Petitioner [Doc. No. 305].

With respect to this court's subject matter jurisdiction over any claim which Petitioner may have to habeas corpus relief, "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Commission,* 754 F.2d 887, 888 (10th Cir. 1985). Thus, Petitioner's transfer did not divest this court of jurisdiction over the petition, and neither did it destroy the court's jurisdiction over the warden of the Federal Transfer Center. Nonetheless, once Petitioner left the custody of the Federal Transfer Center warden, the warden became powerless to effect any relief sought by Petitioner.[6] Thus, because this court lacks jurisdiction over Petitioner's present custodian, the warden of the Federal Medical Center in Springfield, Missouri, *see Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004),[7] any habeas relief ordered by this court would be to no effect and dismissal without prejudice of the petition is, consequently, recommended. In this regard, while transfer of the

---

[6]It is worth noting that Petitioner was not subject to forced medication during his transitional housing at the Federal Transfer Center. The order of the United States District Court for the District of Nevada for forced medication was directed to the Medical Detention Center in Springfield, Missouri. *Infra,* at p. 2.

[7]The *Rumsfeld* Court reiterated "that when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction *who has legal authority to effectuate the prisoner's release." Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

petition would normally be considered, available judicial records reveal that Petitioner has already sought habeas relief in the United States District Court for the Western District of Missouri, naming the warden of the Federal Medical Center in Springfield, Missouri, as respondent. Case No. 12-CV-3439.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition seeking habeas corpus relief be dismissed without prejudice and that all remaining motions be denied as moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 15, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 25th day of September, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE